**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **ROBERT BANASZAK,** on behalf of himself and all other plaintiffs similarly situated, known and unknown, | ) ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **ANTHEM GLENVIEW MANAGEMENT, LLC, D/B/A EMERALD PLACE AND ANTHEM MEMORY GROUP** | ) ) ) |
| | ) |
| Defendants. | ) |

**N̲o̲.̲** 1:22-cv-

**Hon.**
District Judge

Hon.
Magistrate Judge

## COMPLAINT

NOW COMES Plaintiff, **ROBERT BANASZAK**, ("Plaintiff"), on behalf of himself and all other Plaintiffs similarly situated, known and unknown, by and through his attorneys, JOHN W. BILLHORN AND SAMUEL D. ENGELSON OF THE BILLHORN LAW FIRM, and for his Complaint against Defendants, **ANTHEM GLENVIEW MANAGEMENT, LLC., D/B/A EMERALD PLACE AND ANTHEM MEMORY GROUP,** (collectively, "Defendants") state as follows:

## I.    NATURE OF ACTION

1.    This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*., and the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq*,

## II.    JURISDICTION AND VENUE

2.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §§ 206-207, and supplemental jurisdiction over the Illinois claim, pursuant to 28 U.S.C. §1367(a).

3.      Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiff performed work in this district and is a resident of this district and Defendants are or were engaged in business in this district.

### III.     THE PARTIES

4.      Defendant, **ANTHEM GLENVIEW MANAGEMENT, LLC., d/b/a EMERALD PLACE AND ANTHEM MEMORY GROUP,**   (referred to as "Emerald Place") is a full service nursing and assisted living facility located at t 879 Chestnut Ave. in Glenview, Illinois. Emerald Place provides permanent living accommodations to seniors, including meals and other amenities. Emerald Place mostly serves senior patients with Alzheimer's or other forms of dementia.

5.      Emerald Place serves food and beverage products that moved in interstate commerce prior to being used and sold at its location in Illinois.

6.      Defendant Emerald Place is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii).

7.      During all relevant times, Emerald Place was acting directly or indirectly in the interest of the employer in relation to the Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

8.      Plaintiff, **ROBERT BANASZAK** (hereinafter referred to as "Plaintiff"**),** is a former employee of Emerald Place. Plaintiff was initially employed as a non-exempt Cook and later promoted to a salaried role as Dining Services Director ("DSD"). However, while Plaintiff was employed as a DSD, he performed duties almost identical to those performed as a Cook, including cooking, serving and cleaning for Emerald Place residents under the direction of Defendants' management.

9.      Plaintiff worked over 40 hours in many work weeks she worked for Defendants and was not paid overtime premiums of one and one-half her regular rate of pay.

10.     Emerald Place should have compensated Plaintiff on an hourly basis at a rate of one and one-half her regular rate of pay for all hours worked over 40 in individual work weeks during Plaintiff's employment as a DSD.

11.     As a DSD, Plaintiff was improperly classified as a salary-exempt employee and denied overtime compensation for hours worked in excess of 40 in a workweek.

12.     During one or more weeks within that time frame, Plaintiff was denied overtime pay by Defendants for hours worked over 40 per work week.

13.     Upon information and belief, Emerald Place compensated all DSDs in the same or similar manner as Plaintiff by failing to compensate them for overtime wages through the illegal practices described herein.

14.     Defendants' conduct, practices and policies as alleged herein were in violation of the federal and state laws relied upon herein.

15.     All other unnamed Plaintiffs, known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present employees who work or worked for Defendants and were improperly classified as salary exempt and denied overtime for work in excess of 40 hours in a work week.

16.     As an employee performing duties for an enterprise engaged in commerce, the named Plaintiff and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

## IV.    STATUTORY VIOLATIONS

### Collective Action Under the Fair Labor Standards Act

17.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of himself and other Plaintiffs similarly situated who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

**Illinois Minimum Wage Law**

18. Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq*., Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV. The claims asserted by Plaintiff herein under the IMWL are proper for certification under Federal Rule of Civil Procedure 23.

## V. FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

19. Plaintiff, at all times pertinent to the cause of action, was employed by Defendants.

20. Plaintiff's employment, both as a cook and DSD, was integral and indispensable to Emerald Place's assisted living facility business, which required comprehensive and detailed meal services for residents.

21. Plaintiff was employed by Emerald Place from approximately June 2020 to April 2022.

22. Plaintiff was initially hired by Emerald Place as a cook. Plaintiff was paid on an hourly basis.

23. During Plaintiff's employment as a cook, he was compensated on an hourly basis and paid overtime premiums of one and one-half his hourly rate for hours worked over 40 in individual work weeks.

24. In January 2021, Emerald Place offered Plaintiff the job of DSD. Emerald Place represented to Plaintiff that the DSD position was an exempt-salary position.

25. Initially, Emerald Place offered Plaintiff a salary of $42,000 per year to be DSD. Plaintiff advised he made more money as an hourly cook. In response, Emerald Place offered Plaintiff an increased salary of $50,000 per year to be DSD. Plaintiff accepted the DSD position and was transitioned to the role in January 2021.

26. During Plaintiff's employment as a DSD, Emerald Place paid Plaintiff on a salary compensation plan and classified Plaintiff as exempt from overtime compensation.

27.     The DSD position was intended to be a management-level position where the DSD would supervise kitchen staff (including a cook and two dietary aides), oversee inventory and supply ordering, menu planning, and other aspects of restaurant/kitchen management.

28.     However, the job duties and reporting structures of the DSD position as actually performed and experienced by Plaintiff did not satisfy the requirements of the executive, administrative, or any other exemption(s) recognized under federal or state law.

29.     As a DSD, Plaintiff was paid a bi-monthly salary of $50,000 annually. Plaintiff did not receive overtime compensation for hours worked in excess of 40 in a work week.

30.     After Plaintiff's transition to DSD, Emerald Place instructed Plaintiff not to clock in and out at the start and end of each shift.

31.     As a DSD, Plaintiff typically worked between four (4) and six (6) days per week for approximately thirteen (13) hours per day. During at least one point during Plaintiff's employment as a DSD, Plaintiff worked thirteen (13) days straight, from approximately open to close.

32.     Plaintiff did not receive or otherwise take a meal break or any other breaks during his shifts due to the intense demands of Emerald Place's kitchen and dining room.

33.     From the outset of Plaintiff's tenure as a DSD, Plaintiff never performed the management/executive duties contained in the DSD job description, as Plaintiff essentially performed the same duties he had performed as an hourly cook.

34.     Over the course of Plaintiff's employment as DSD, due in part to insufficient hiring/staffing of kitchen employees by Emerald Place, Plaintiff performed significant hours of non-exempt, manual labor and kitchen duties rather than participate in any management or executive activities or duties.

35.     Plaintiff's daily tasks as a DSD included food preparation and cooking of pre-set, pre-determined menu items imposed upon him by the Defendants, food and table waiting service, table bussing and cleaning (including dishwashing, mopping, trash removal) of the kitchen and dining areas.

36.     The circumstances of Plaintiff's employment as a DSD, including job duties, working hours, reporting structures, etc., were practically identical to those during Plaintiff's employment as an hourly cook.

37.     Plaintiff worked under the constant and exclusive direction of Emerald Place's upper-management employees, including department heads and other directors, including the facility director.

38.     Furthermore, in addition to the exclusively non-exempt cooking and cleaning work Plaintiff performed as a DSD, Plaintiff did not supervise at least two full-time employees as required for the executive exemption.

39.     Emerald Place's other kitchen employees (hourly cooks, dietary aides) did not regularly work 40 hours per week, as these other workers worked inconsistent hours. Further, Emerald Place was almost always understaffed to the point where Emerald Place did not even employ two other full time kitchen workers for Plaintiff to purportedly supervise.

40.     Furthermore, Plaintiff often worked in the Emerald Place kitchen and dining room alone or with only another cook, performing exclusively cooking and cleaning duties, such that Plaintiff did not supervise or manage two or more other full-time employees.

41.     Over the course of Plaintiff's employment as a DSD, Emerald Place did not consistently treat Plaintiff as an exempt employee, as required in order to maintain a proper salary exemption.

42.     In approximately February 2022, Plaintiff experienced health issues that required excused leave from Emerald Place.

43.     Because Plaintiff's work hours as a DSD decreased due to illness and excused leave from Emerald Place, Emerald Place converted Plaintiff back to an hourly compensation plan in approximately February or March of 2022.

44.     When Plaintiff was absent from Emerald Place and working fewer hours as a result of certain health conditions and was converted back to an hourly compensation plan, Plaintiff was still a DSD. Plaintiff's job title or duties did not change.

45.     Emerald Place, for their own benefit, toggled Plaintiff's compensation structure to save on the cost of Plaintiff's wages.

46.     On approximately April 5, 2022, Emerald Place transferred Plaintiff to their Oak Lawn, Illinois location, Grace Point Place, where Plaintiff worked again as an hourly cook employee.

47.     Plaintiff voluntarily separated from Emerald Place in approximately late April 2022.

48.     The manner by which Emerald Place changed Plaintiff's compensation between salary and hourly structures based on Plaintiff's work volume further evidence Emerald Place's ill and willful intent to violate the FLSA.

49.     As a result of Emerald Place's toggling of Plaintiff's pay between salary and hourly while Plaintiff was employed as a DSD and failure to at all times treat Plaintiff as a bonafide exempt employee, Emerald Place forfeited any ability they may have had to properly exempt Plaintiff from overtime pay.

50.     As a result of the actual day-to-day circumstances and job duties of Plaintiff as a DSD while at Emerald Place, Plaintiff should have been compensated as an hourly employee through his entire tenure as a DSD and paid overtime premiums of one and one-half his hourly rate of pay for all hours worked over 40 in individual work weeks.

51.     Plaintiff worked in excess of 40 hours in a work week without pay at a rate of time and one-half his regular hourly rates of pay in almost, if not every, week he was employed by Defendants, including all weeks Plaintiff was employed as a DSD and compensated by salary.

52.     Plaintiff, and members of the Plaintiff Class, worked in excess of forty (40) hours in a workweek without pay for all hours worked over forty (40) at a rate of time and one-half their regular hourly rate of pay, pursuant to the requirements of the federal and state statutes herein relied upon.

53.     Upon information and belief, Plaintiff understood that all other DSDs employed by Anthem Memory Group at various locations, including four in Illinois, worked under the same

conditions and were paid in the same or similar fashion as described above and were also denied overtime premiums for hours worked in excess of 40 in individual work weeks.

54.     Emerald Place has, both in the past and presently, willfully employed members of the Plaintiff Class, including the named Plaintiff, required DSDs to work in excess of forty (40) hours in a workweek without pay for such hours, even though the actual job duties and circumstances of employment did and do not satisfy the prongs of proper salary exemption under the administrative, executive, or any other recognized salary exemption.

55.     The total number of hours worked by Plaintiff and members of the Plaintiff Class, and therefore the total number of overtime hours for which additional compensation is owed, is information substantially, if not completely, within the control and possession of Emerald Place, in that Emerald Place recorded or should have recorded such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516.

56.     The claims brought herein by the named Plaintiff are identical or similar to the claims of other past and present employees who were subject to the non-compliant policies and practices alleged herein. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

57.     The non-compliant practices as alleged herein were part of a variety of practices and policies implemented and maintained by Defendant and are common to a group or "class" of past and present employees. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

<u>**COUNT I**</u>

<u>**VIOLATION OF FAIR LABOR STANDARDS ACT**</u>

1-57.     Paragraphs 1 through 57 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 57 of this Count I.

58.     Plaintiff, and members of the Plaintiff Class, were each an "employee" pursuant to 29 U.S.C. §203(e).

59.    Emerald Place was an "employer" pursuant to 29 U.S.C. §203(d).

60.    Plaintiff, and members of the Plaintiff Class, were not exempt from the maximum hours provisions of 29 U.S.C. §207.

61.    Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times their regular rates of pay for all hours worked in excess of forty (40) in any week during the two (2) years preceding the filing of this action.

62.    Defendants have at all times relevant hereto failed and refused to pay compensation to their workers/employees, including the Named Plaintiff herein and all other Plaintiffs similarly situated, known and unknown as described above.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a)    back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b)    prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c)    Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and

(d)    such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-62.    Paragraphs 1 through 62 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 62 of Count II.

63.     Defendants' actions as complained above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether the policies and practices were in violation of those statutes.

64.     Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the municipal, state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

65.     Pursuant to the Fair Labor Standards Act, Plaintiff and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than the minimum wage and overtime compensation of one and one-half times their regular rates of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a)     back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b)     prejudgment interest with respect to the amount of unpaid overtime compensation;

(c)     Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d)     such additional relief the Court deems appropriate under the circumstances.

## COUNT III

### LIQUIDATED DAMAGES
### UNDER THE FAIR LABOR STANDARDS ACT

1-65.     Paragraphs 1 through 65 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 65 of Count III.

66. In denying the named Plaintiff and members of the Plaintiff Class compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to salary classification under the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

67. The named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding liquidated damages equal to the amount of all unpaid compensation;

(b) awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c) for such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-67. Paragraphs 1 through 67 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 67 of this Count IV.

68. Plaintiff, and members of the Plaintiff Class, were each an "employee" under 820 ILCS 105/3(d) of the IMWL.

69. Defendants were each an "employer" as defined in the IMWL, 820 ILCS 105/3(c).

70. Plaintiff, and members of the Plaintiff Class, were not exempt from the minimum

wage provisions of the IWML, 820 ILCS 105/4(a)(1).

71.     Plaintiff, and members of the Plaintiff Class, were not exempt from the overtime wage provisions of the IWML, 820 ILCS 105/4a(1).

72.     As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*

73.     The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of overtime wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid minimum and overtime wages and for (a) an additional statutory interest penalty of 2% amount of the amount of such underpayments for each month following the date such underpayments that remain unpaid through February 18, 2019 and (b) treble the amount of the underpayments and a statutory interest penalty in the amount of 5% of the underpayments each month for damages incurred thereafter.

74.     Plaintiff seeks certification of the Illinois Minimum Wage Law violations alleged herein pursuant to Federal Rule of Civil Procedure 23.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a)     declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b)     awarding an amount of damages, to be shown by the evidence, to which Plaintiffs and other members of the Plaintiff Class are entitled;

(c)     allowing this Court to retain jurisdiction of the case until such time it is assured Defendant has remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d)     directing Defendants to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

(e)     for such additional relief the Court deems just and appropriate under the circumstances.

Respectfully submitted,

***Electronically Filed 08/16/22***

/s/ Samuel D. Engelson

_____

Samuel D. Engelson

John William Billhorn
Attorneys for Plaintiff, and all other
Plaintiffs similarly situated, known or
unknown.

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 1137
Chicago, IL 60604
(312) 853-1450