IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT BANASZAK, on behalf of himself and all other plaintiffs similarly situated, known and unknown, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 22 C 04327 |
| v. | ) ) | Judge Steven C. Seeger |
| ANTHEM GLENVIEW MANAGEMENT, LLC, d/b/a EMERALD PLACE, | ) ) ) ) | Magistrate Judge M. David Weisman |
| Defendant. | ) | |

**THE PARTIES' JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**

Plaintiff, Robert Banaszak ("Plaintiff"), and Defendant, Anthem Glenview Management, LLC ("Defendant"), by and through their attorneys, respectfully move this Court to approve their settlement. The Parties respectfully submit that the terms of the settlement are fair, reasonable and resolve a *bona fide* dispute between them. In support of their motion the Parties state as follows:

1. On August 16, 2022, Plaintiff filed a four-count Complaint against Defendant alleging that he is owed unpaid overtime wages under the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL"). Dkt. 1. Defendant answered on October 31, 2022. Dkt. 11.

2. Over the past few months, the Parties served written discovery requests, and Defendant produced Plaintiff's time and pay records. In June and July of 2023, the Parties were engaged in arm's-length settlement negotiations and have reached a settlement on Plaintiff's individual claims.

3. Prior to reaching a settlement, counsel for Plaintiff and Defendant conducted thorough investigations into the merits of the potential claims, exchanged information and analyzed the defenses to Plaintiff's claims and the damages to which Plaintiff may be entitled if he prevails. Therefore, the Parties have sufficient information to agree to a settlement.

4. In the Seventh Circuit, settlements of FLSA claims must be approved by a Court of competent jurisdiction. *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) (citing *Lynn's Food Stores, Inc. v. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982)); *Ladegaard v. Hard Rock Concrete Cutters, Inc.*, No. 00 C 5755, 2001 WL 1403007, at *6 (N.D. Ill. Nov. 7, 2001); *see also Cheeks v. Freeport Pancake House, Inc.*, 496 F.3d 199 (2d Cir. 2015). A plaintiff may compromise a claim under the FLSA pursuant to a court-authorized settlement of an action alleging a violation of the FLSA. *See e.g. Lynn's Food Stores, Inc.*, 679 F.2d at 1355. When reviewing a proposed FLSA settlement, the district court must scrutinize the settlement for fairness and decide whether the proposed settlement is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Id.* at 1353, 1355. If a settlement in a FLSA suit reflects a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

5. As explained, the settlement was reached after extensive negotiations between the Parties and exchange of information and documents. Therefore, a presumption of fairness should attach to the proposed settlement. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as an indication of fairness). Should this matter have continued, the Parties would have proceeded with oral discovery, potentially briefing a motion for class certification,

potentially briefing dispositive motions and/or a trial. This litigation could have lasted well into 2024. If Plaintiff prevailed on his claims, Defendant would be faced with the prospect of a verdict against it and the obligation to pay attorneys' fees and costs. If Defendant prevailed, Plaintiff faced dismissal of his claims and no recovery.

6. Under the settlement, Plaintiff will receive 100% of the back pay he alleges plus additional monies for penalties provided by the FLSA and IMWL.

7. Plaintiff's attorney will receive $16,875 in attorneys' fees and costs. For purposes of settlement only, Defendant does not object to this award of attorneys' fees and costs. The Parties negotiated Plaintiff's counsels' fees separately from Plaintiff's damages. *Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (wherein the Court found that where fees are negotiated separate and apart from the back wage compensation to Plaintiff, the court should approve the settlement).

8. Based upon the foregoing, the Parties request that this Court review their Settlement Agreement and approve the same.

9. The Parties also request that the Complaint be dismissed initially without prejudice that will automatically convert to a dismissal within prejudice fourteen days after the settlement payment is delivered to Plaintiff's counsel, unless a motion to reinstate the case is filed for the sole purpose of enforcing the Settlement Agreement.

10. The Parties will submit a Joint Proposed Order for the Court's consideration to Proposed_Order_Seeger@ilnd.uscourts.gov.

WHEREFORE, The Parties respectfully request that the Court: (1) grant the Motion; (2) enter the Proposed Order or an Order substantially similar to it in which the Court approves of the Settlement Agreement; (3) dismiss the Complaint initially without prejudice that will

automatically convert to a dismissal with prejudice 14 days after the Court's approval, with and each party to bear their own fees and costs (except as provided in the Settlement Agreement); and (4) any other relief that the Court deems appropriate.

Dated: August 11, 2023

Respectfully submitted,

| ROBERT BANASZAK | ANTHEM GLENVIEW MANAGEMENT, LLC |
|---|---|
| By: /s/ Samuel D. Engelson<br>John W. Billhorn<br>Samuel D. Engelson<br>Billhorn Law Firm<br>53 W. Jackson Blvd., Suite 1137<br>Chicago, Illinois 60604<br>jbillhorn@billhornlaw.com<br>sengelson@billhornlaw.com<br>*Attorneys for Plaintiff* | By: /s/ Antonio Caldarone<br>Antonio Caldarone<br>Francesca Giderof<br>Laner Muchin, Ltd.<br>515 North State Street, Suite 2400<br>Chicago, Illinois 60654<br>(312) 467-9800<br>(312) 467-9479 (fax)<br>acaldarone@lanermuchin.com<br>fgiderof@lanermuchin.com<br>*Attorneys for Defendant* |